IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-1185-MLB-DWB |
| ) | |
| GREYHOUND LINES, INC. and ) | |
| RONALD L. BREEDLOVE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Extend Deadlines and For an Expedited Telephonic Hearing on the Same and his supporting memorandum (Doc. 51, 52).[1]  Defendant has responded, objecting to the requested extension of expert deadlines (Doc. 54), and Plaintiff has filed a reply.  (Doc. 56).   The court scheduled an expedited telephone conference on the motion for July 20, 2009 at 4:00 p.m.  Plaintiff appeared through counsel Shari Willis; defendant appeared through counsel Paul Hasty, Jr.  After hearing arguments of counsel, the court is prepared to rule.  For the reasons set out below, plaintiff's motion is granted in part and denied in part.

---

[1] Plaintiff's Memorandum refers to numerous attached exhibits.  (Doc. 52 at 3-5). However, there are no attached exhibits.

## FACTUAL BACKGROUND

Plaintiff outlines the numerous treating physicians who have seen plaintiff since his injury in September 2007, some in Kansas, some in Colorado, some in New Jersey, and others in California, where plaintiff now resides. Plaintiff's counsel states that they have been unable to accumulate all of the medical records from these treating physicians, and eight providers have failed to produce their records. (Doc. 52 at 4). Therefore, plaintiff states that he is unable to determine which medical providers he might wish to call at trial and cannot comply with the August 3, 2009 deadline for submitting expert reports pursuant to Fed. R. Civ. P. 26. (*Id.*) Plaintiff then proposes several new deadlines which would extend the discovery cutoff in this case to February 2010.

Defendant opposes any extension of the expert deadline as to medical experts, stating that these experts should be designated well in advance of the scheduled Rule 35 examinations of plaintiff which are to occur the week of September 14, 2009, so that defendant can, if it chooses, depose some or all of those medical experts and have the depositions available to the doctors who are to conduct the Rule 35 examinations. (Doc. 54 at 3). Defendant suggests that there is no reason to modify the schedule if plaintiff is not going to designate a "retained"

expert, since disclosure of any treating physicians who are to testify as experts would not be difficult. (Doc. 54 at 2).

In his reply, plaintiff agrees that he does not intend to designate any "retained" experts initially, but reserves the right to designate a "retained" expert in rebuttal to any report by any of the doctors who are to conduct a Rule 35 examination at defendant's request. (Doc. 56 at 2). Plaintiff then refers to defendant's response and notes that

> [t]hus, it seems that Defendants, without specifically so stating, are suggesting that disclosures regarding treating medical providers merely must comply with the requirements of F.R.C.P. 26(a)(2)(A) and consequently the rule is met with a simple listing of 'the identity of any witness it may use at trial to present evidence under Federal Rule of evidence 702, 703, or 705.'

Doc. 56 at 4. After citing cases from this court dealing with treating physicians and whether expert reports are required by a treating physician, Plaintiff continues by stating that

> [w]hile the undersigned [plaintiff's counsel] agrees with Defendants' interpretation of the Rule, if that is, in fact, Defendants' take on Rule 26, because the undersigned has encountered defense counsel who, before this Court, have suggested that treating physicians with opinions regarding causation, prognosis , and future medical treatment recommendations must be disclosed in accordance with F.R.C.P. 26(a)(2)(B), Plaintiff's Motion was filed to ensure clarity on this issue.

3

>	Thus, to the extent the Court and the parties agree that all which is needed regarding the treating medical providers of which Plaintiffs' counsel are aware, even those with opinions regarding causation, prognosis and future medical recommendations, is disclosure in compliance with F.R.C.P. 26(a)(2)(A), and time supplementation in accordance with F.R.C.P. 26(e), then such disclosures can be made by the August 3, 2009 deadline and/or supplemented in accordance with F.R.C.P. 26(e).

Doc. 56 at 6.

## DISCUSSION

A.	<u>The Treating Physician Issue.</u>

Under Rule 26(a)(2)(B), a written report is required for any expert who is "retained or specially employed to provide expert testimony in the case." In applying this section to treating physicians, Magistrate Judge Newman concluded that

>	[t]o the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The

4

> determinative issue is the scope of the proposed testimony.

*Wreath v. United States,* 161 F.R.D. 448, 450 (D. Kan. 1995). *See also* ***Starling v. Union Pacific R. Co.,*** 203 F.R.D. 468, 479 (D.Kan. 2001) (prevailing weight of authority allows a treating physician to opine on causation without a full-blown expert report where the cause of injury is a necessary part of a patient's treatment); ***Goeken v. Wal-Mart Stores, Inc.***, No. 99-4191-SAC, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001) (treating physician can render opinion on diagnosis, prognosis and cause of injury); ***Sellers v. Butler***, No. 02-3055-DJW, 2006 WL 2714274 (D. Kan. Sep. 22, 2006); ***Mackey v. Burlington Northern Santa Fe Ry. Co.***, No. 05-4133-SAC, 2006 WL 3512958, at *2 (D. Kan. Nov. 29, 2006); ***Hildebrand v. Sunbeam Products, Inc.*** 396 F.Supp.2d 1241, 1250 -1251 (D.Kan. 2005) (treating physicians can testify as to causation, diagnosis, prognosis, and other opinions arising out of the treatment without any expert report).

In the case of ***McReynolds v. Bigler,*** Judge Crow set forth the following criteria for determining whether a physician is a treating physician, an expert witness, or both:

> Is the treating physician a fact witness or an expert? **Generally, a physician who testifies on information and opinions developed and drawn during the treatment of the party as a patient is considered to be an ordinary fact witness rather than an expert.**

*Schroeder v. Boeing Commercial Airplane Co.,* 123 F.R.D. 166, 169 (D.N.J.1988);  *Sipes v. United States*, 111 F.R.D. 59, 61 (S.D.Cal.1986);  *Brandstetter v. National Railroad Passenger Corp.*, 7 Fed.R.Serv. 3d 1219, 1222 (D.D.C.1987);  *see generally Boyice v. City of Kansas City*, No. 86-2272-S (D.Kan.1988) (1988 U.S.Dist.Lexis 8587).  In *Sipes*, the court explained:
'The Court further rules that it is improper to name treating physicians as expert witnesses where the information and opinions possessed by said physicians was obtained by virtue of their roles as actors or viewers of the transactions or occurrences giving rise to the litigation, to wit, the care and treatment provided to the plaintiff during the pertinent time period.  Said physicians are percipient fact witnesses, and as such, the information and opinions they possess should be freely accessible to both parties to the litigation,....'
 111 F.R.D. at 61.  The Advisory Committee's notes to Fed.R.Civ.P. 26(b)(4) indicate the requirements of that Rule are not applicable to treating physicians:
'It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are  part of the subject matter of the lawsuit.  Such an expert should be treated as an ordinary witness.'
 Dr. Blocker gained his knowledge of plaintiff's condition not from preparing for this trial but in the course of treating her during the critical time periods.  Under the above rules, Dr. Blocker need not be listed as an expert witness.

Of course, a witness may be both an expert witness under Rule 26(b)(4) as to some matters and an ordinary witness on other areas.  *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C.Cir.1980).  It is critical to determine when the testimony of the treating physician is no longer that of merely an observer or actor in the occurrence and

6

> becomes that of an expert witness.  There is no single bright line test to use in this determination.  **This court is comfortable with viewing the treating physician as a fact witness if the testimony concerns information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment.  Opinion testimony on the previous care given to the party or on medical matters unrelated to the actual care and treatment eventually administered to the party elevates the treating physician to the status of an expert witness covered by Rule 26(b)(4).**
>
> That Dr. Blocker's testimony may be circumstantial evidence of defendants' fault and negligence does not *ipso facto* make him a liability expert witness.  Otherwise, Dr. Blocker's diagnosis of peritonitis by itself could be considered to be an expert opinion circumstantially relevant to defendants' fault and negligence.  Such a sweeping bar to testimony on medical facts would be clearly contrary to the general rule that treating physicians are ordinary fact witnesses.  Instead, **the court must look to whether the medical opinions, conclusions and observations being offered by the treating physician necessarily played a role in his or her care and treatment of the plaintiff.**  Applying this test to the deposition testimony of Dr. Blocker, the court is compelled to sustain the plaintiff's motion to reconsider and sets aside the Magistrate's order striking pages 31 through 52 (emphasis added).

No. 88-1343-C, 1990 WL 129454 at * 2-3 (D. Kan. Aug. 6, 1990).  This court previously has held that Judge Crow's analysis provides an excellent guide to determining when a physician is a fact witness or an expert witness.  ***Nowak v. Vierthaler***, No. 98-1044-WEB, 1999 WL 34804337, at *2 (D. Kan. Sep. 3, 1999);

***Kennedy v. United States***, No. 07-1093-JTM, 2008 WL 717851 (D. Kan. Mar. 17, 2008).

In the present motion, Plaintiff is, in effect, seeking an advisory ruling that he does not need to produce expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) for the myriad of treating physicians who have seen and treated plaintiff.  *See* Doc. 56 at 6.  However, because the court does not know the extent or scope of the proposed testimony of any of the treating physicians who plaintiff may identify, the court cannot give plaintiff assurance in advance that no expert report would be required as to any particular medical provider.

In addressing a similar situation, Judge Waxse noted that

> whether Defendants were required to comply with the additional requirements of Rule 26(a)(2)(B) and provide expert reports for Drs. Griffith, Murphey, and Torrence depends on the nature and scope of their trial testimony. What is the nature and scope of their anticipated testimony? PHS's disclosures indicate that '[t]heir opinions arise from and/or are incidental to their treatment of Plaintiff.'  PHS further states in its disclosures that '[t]hey are expected to testify in accordance with such treatment baswed [sic] on their recollection and the contents of plaintiff's medical records, which have been previously produced.'  From this description, the Court finds that these treating physicians – to the extent they will be testifying on behalf of PHS – fall within the rule for non-retained experts set forth in Wreath. In other words, when testifying on behalf of PHS, these doctors will be limited to testifying about that which is related to, and learned

> through, their actual treatment and care of Plaintiff, and which is based on each doctor's personal knowledge of the examination, diagnosis and/or treatment of Plaintiff. Assuming that these witnesses do in fact limit their testimony to such issues, PHS was not required to comply with the expert report requirement of Rule 26(a)(2)(B).

*Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2714274 * 4 (D. Kan. Sep. 22, 2006) (footnotes omitted). However, Judge Waxse also cautioned that

> [t]he Court notes that PHS' disclosures state that the testimony of these treating physicians may be based, in part, on the 'contents of plaintiff's medical records.' The Court does not construe this to mean that any portions of the doctors' opinions will be based on a review of the records of other medical providers. **As noted above, the Wreath decision observed that where a treating physician is asked to review the medical records of another health care provider for the purpose of rendering opinion testimony, the physician may be considered 'specially retained' and therefore subject to the requirements of Rule 26(a)(2)(B), despite having also treated the patient.** *See* Wreath, 161 F.R.D. at 450. In the event that these three treating physicians were to base any of their trial testimony on the records of other health care providers, the doctors' testimony would most likely fall within the category of testimony given by a 'specially retained' expert and would be subject to the requirements of Rule 26(a)(2)(B).

*Sellers v. Butler*, 2006 WL 2714274 * 4, n. 26 (emphasis added).

Therefore, as previously stated, the court cannot, at this stage of the proceedings, give plaintiff any advance determination as to whether or not expert

reports would be necessary for any of the treating physicians which plaintiff may ultimately choose to call as witnesses at trial. In order to avoid any need to provide an expert report for a treating physician, Plaintiff's counsel must satisfy himself/herself that the nature and proposed scope of any proposed testimony of each of the treating medical providers would concern information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment. If plaintiff proposes for any of the witnesses to go beyond this and to provide testimony based upon a review of medical records from other providers that was not a necessary part of the witness's care and treatment of plaintiff, then they would be considered to be a "retained" expert and a report would be required.

B.    The Scheduling Issue.

The August 3, 2009 deadline for submitting expert reports was set in the court's initial Scheduling Order dated February 19, 2009. (Doc. 12). Plaintiff claims that he has been diligent in attempting to obtain medical records from each of the medical providers who have treated plaintiff since September 2007. (Doc. 56 at 3) (referring to numerous letters requesting medical records sent from December 11, 2007 through February 2, 2009). Plaintiff also states that as counsel

become aware of additional treating physicians, additional request letters were sent on March 11, July 7 and July 14, 2009. (Doc. 56 at 3-4). However, when the court had the last "expedited telephone conference" with counsel on June 30, 2009, to resolve issues concerning a Rule 35 examinations of plaintiff, plaintiff made no mention of any possible difficulty meeting the August 3 deadline to provide expert disclosures. Yet approximately two weeks later, plaintiff filed the present motion referencing that eight medical providers had not produced records, that plaintiff could not ascertain what expert reports might be required and for whom, and requesting an entirely new schedule for expert disclosures concerning medical providers. While the court appreciates that any new or recently seen medical providers may not have made available their medical records, plaintiff has had five months since the scheduling conference to accumulate the required records through plaintiff's authorization or, if necessary, by a records subpoena. As such, the court is bothered by plaintiff's failure to obtain the necessary information to ascertain what expert reports might be required from any medical provider who might be considered as a "retained" expert.

Because plaintiff was not prepared at the telephone hearing to determine whether any of his treating physicians might be asked to give testimony beyond that encompassed by their treatment of plaintiff such that would require a written

report pursuant to Fed. R. Civ. P. 26(a)(2)(B), plaintiff has asked to extend any deadline for any such written reports. Also, plaintiff has requested an extension of time to submit expert disclosures on liability until certain depositions have been taken. Defendant has not opposed that request as to liability experts.

After hearing arguments of counsel, the court will modify the deadlines previously set in its Order on Motion to Stay and Revised Scheduling Order (Doc. 41), **ONLY** in the follow respects:

    A.    <u>Medical Expert Testimony:</u>

        1.    By **August 3, 2009**, plaintiff shall identify pursuant to Fed. R. Civ. P. 26(a)(2)(A) any treating physicians/providers he may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705.

        2.    By **September 4, 2009**, plaintiff shall provide the required written disclosures <u>for any of the treating physicians/providers that were identified on August 3, 2009</u>, who may be considered as ones "retained or specially employed to provide expert testimony in the case," all as defined by the above decisions of this court.

      3.      Defendant has filed amended motions for Rule 35 examinations of plaintiff that are to take place on September 15, 2009 (Doc. 47) and September 16-17, 2009 (Doc. 49). Plaintiff stated at the hearing that no objections would be filed to those motions and therefore they are hereby granted. Defendant is to provide the written reports required by Fed. R. Civ. P. 35(b) to plaintiff on or before **October 9, 2009.** Also by that date, Defendant is to make any other medical expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B) as to any medical experts.

      4.      On or before **November 9, 2009**, plaintiff shall serve any rebuttal expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B).

B.    <u>Liability Expert Testimony.</u>

      1.      By **October 26, 2009**, plaintiff shall serve all expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B).

      2.      By **November 30, 2009**, defendant shall serve any expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B).

      3.      By **January 7, 2010**, plaintiff shall serve any rebuttal expert disclosures required by Fed. R. Civ. P. 26(a)(2)(B).

<u>All other deadlines and hearings set in the June 30, 2009 Order on Motion to Stay and Revised Scheduling Order (Doc. 41), remain as they were set in that order.</u>[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Deadlines and For an Expedited Telephonic Hearing on the Same (Doc. 51) is hereby GRANTED in PART and DENIED in PART, as set out above.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion for Medical Examination (Doc. 47) and Defendant's Amended Motion for Neuropsychological Examination (Doc. 49) are hereby GRANTED.

Dated this 22nd day of July, 2009.

                                             s/ DONALD W. BOSTWICK
                                             U.S. MAGISTRATE JUDGE

---

[2] Because the deadline for submitting any liability rebuttal expert reports is after the December 21, 2009 discovery cutoff, any deposition of such rebuttal expert may be taken after the discovery cutoff. Other expert depositions, if any, are to be completed by the discovery cutoff date.