# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID JONES,                                )
                                            )
                          Plaintiff,        )
                                            )
v.                                          )        Case No. 08-1185-MLB-DWB
                                            )
GREYHOUND LINES, INC.,                      )
and RONALD BREEDLOVE,                       )
                                            )
                          Defendants.  )
_____ )

## MEMORANDUM AND ORDER

The Court is in receipt of Plaintiff's Motion to Reconsider Plaintiff's Motion

to Extend Deadlines and supporting memorandum.  (Doc. 93, 94.)  Therein,

Plaintiff requests the Court to reconsider its November 13, 2009, Order (Doc. 92)

that, among other decisions, denied Plaintiff's Motion to Extend Deadlines (Doc.

85).[1]

Plaintiff argues that he "will be severely and unfairly prejudiced" by a

failure to reconsider the underlying motion as he "will be precluded from putting

on expert testimony at trial as to liability . . ."  (Doc. 94, at 2.)  The Court is

---

[1] Plaintiff's Motion to Extend requested the following new deadlines:  Plaintiff's expert disclosures extended to December 28, 2009, Defendant's expert disclosures extended to January 28, 2010, rebuttal expert disclosures extended to March 1, 2010, and discovery cutoff extended to April 16, 2010.  (Doc. 85 at 1; Doc. 86 at 1-2.)

perplexed by Plaintiff's request, to say the least.

The Court's prior Order granted Plaintiff's Motion for Protective Order Due to Injury and Resulting Hospitalization and Discharge Plan (Doc. 73), which sought an Order "relieving him [plaintiff] of the obligation to travel to Kansas for his deposition and the Fed.R.Civ.P. 35 medical examinations to which this Court has ordered him to submit until such a time as he is physically able to do so." (Doc. 74, at 4.) The Court specifically stated in the prior Order that any rescheduling of deadlines at this time is unrealistic because of Plaintiff's inability to travel to Kansas for his deposition, independent medical examinations, and/or other matters related to this case. (*See generally* Doc. 92.) Although the Court denied Plaintiff's Motion to Extend Deadlines, it very clearly **vacated** all remaining deadlines in this case pending further Order of the Court. As a result, Plaintiff currently has NO expert deadline nor any other deadlines in this case whatsoever. As such, he has not been "precluded" from anything. All things considered, the Court must wonder whether Plaintiff's counsel actually read the prior Order before filing the present motion.

Plaintiff's request to *enter* new deadlines – including an expert deadline that would expire in approximately five weeks – would, in effect, prejudice him more than the Court's prior Order denying his motion and *vacating* all remaining

deadlines until further Order of the Court.  This is especially true considering the pending request of Plaintiff's counsel to withdraw their representation.  The Court surmises Plaintiff would be severely prejudiced by having to retain medical experts before the end of the year without the assistance of legal counsel.

As previously stated, the Court **will** **not** set new deadlines in this case as long as Plaintiff is unable to travel to Kansas for his deposition, independent medical examinations, and/or other matters related to this case.  Further, the Court **will** **not** reconsider its prior Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 93) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 17th day of November, 2009.

   s/  DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge