# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID JONES, )
)
               Plaintiff, )
)
v. ) Case No. 08-1185-MLB-DWB
)
GREYHOUND LINES, INC., )
and RONALD BREEDLOVE, )
)
             Defendants. )
_____ )

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE WHY THE
## PRESENT CASE SHOULD NOT BE DISMISSED
## FOR LACK OF PROSECUTION

The following motions are pending before the Court:

    1.    Motion to Withdraw as Counsel filed by both of Plaintiff's Attorneys of Record. (Doc. 87.)

    2.    Defendant's Motion for Order for Medical Examination (Doc. 97);

    3.    Defendant's Motion for Order for Neuropsychological Examination (Doc. 99).

## BACKGROUND

The Court has summarized the nature of this case and the claims of the parties in its prior Orders of June 12, 2009 (Doc. 31), June 30, 2009 (Doc. 41), July 22, 2009 (Doc. 58), November 13, 2009 (Doc. 92), and November 17, 2009 (Doc.

95), which are incorporated herein by reference. Suffice it to say, this case has been rife with discovery and scheduling disputes.

Defendant has been seeking examinations of Plaintiff pursuant to Fed. R. Civ. P. 35 for some time. *See* Doc No's. 22, 31, 34, 47, 49, 58. In its Order of July 22, 2009 (Doc. 58), the Court noted that Plaintiff's counsel did not object to the medical and neuropsychological examinations of Plaintiff scheduled for September 15, 2009, and the Court required that these examinations take place in Kansas. (Doc. 58 at 13.)

Subsequently, on September 11, 2009, Plaintiff sought a protective order relieving Plaintiff from attending the medical examinations based on his treating physician's representation that Plaintiff could not travel to Kansas at the scheduled time of the examinations. (Doc. 73, 74.) By Order of November 13, 2009, the Court granted Plaintiff's motion for a protective order concerning these examinations and also vacated all unexpired scheduling deadlines pending a ruling on the motion by Plaintiff's two counsel to withdraw. (Doc. 92 at 24, 28-29.)

The case has been dormant for the past three months due to Plaintiff's counsel's inability to satisfy the Court's order concerning service of the motion to withdraw on Plaintiff. *See* Doc. 92 at 26-28. A telephone conference with counsel was held on February 19, 2010, at which time Plaintiff's counsel reported on their

2

attempts to serve the motion to withdraw on Plaintiff. With the Court permission, Plaintiff's counsel then filed the Affidavit of Debra Courtney, a legal assistant for one of Plaintiff's counsel. (Doc. 101.) That affidavit sets out in some detail the attempts made by Plaintiff's counsel to obtain personal service on Plaintiff with their motion to withdraw and with other pleadings in this case. The affidavit establishes that Plaintiff, through telephone contact with Ms. Courtney, acknowledged by early December, 2009, that he had notice of counsel's intent to withdraw and indicated that he would no longer be contacting counsel. (Doc. 101 at ¶ 8.) Plaintiff refused, however, to tell Plaintiff's counsel where Plaintiff was living, saying only that he could be reached at an address of 6590 Long Beach Blvd., Long Beach CA 90807. (Doc. 101 at ¶¶ 2, 8.) It is evident from Ms. Courtney's affidavit that communications sent to that address in the past have reached Plaintiff even though he was apparently not living at that address.

## DISCUSSION

### A. Defendant's Motions for Medical and Neuropsychological Examinations.

The Court has granted similar motions in the past in this case. The difficulty has been Plaintiff's alleged inability to travel to Kansas for such examinations. The Court has previously required Plaintiff to present himself in Kansas for these examinations and will so hold again. The only remaining issue is timing. The

examinations have been noticed for April 12, 13 and 14, in Shawnee Mission and Overland Park, Kansas. It appears to the Court that this gives Plaintiff ample time to recover from any alleged inability to travel[1] and also gives any new counsel selected by Plaintiff time to make arrangements for Plaintiff's appearance in Kansas. Therefore, these two motions (Doc. 97, 99), are hereby GRANTED.

**B.  Motion by Plaintiff's Counsel to Withdraw as Counsel (Doc. 87).**

In the Order of November 13, 2009, the Court noted that it was unable to determine from the return mail receipts filed by Plaintiff's counsel whether Plaintiff had, in fact, received the motion for leave to withdraw. (Doc. 92 at 26-28.) As a result, the Court took the motion under advisement pending proof of service on Plaintiff. (Doc. 92 at 28-29.) This Court's local rule, D. Kan. Rule 83.5.5(a), sets out the requirement for service of any notice to withdraw on the client where, if the motion is granted, the client will have no counsel of record remaining in the case. That rule requires that service of the motion be made on the client "either by personal service or by certified mail, with return receipt

---

[1] In fact, Plaintiff now has delayed these medical examinations for approximately ten months from the date they were first noticed. *See* Doc. 22. Furthermore, to the extent that Plaintiff may have suffered subsequent injuries which prevented his travel, it now appears that he has recovered from any such injuries since he has been released from any health care institution and, while he is still treating with his treating physician, Sherie Carnegie, D.O., as of February 11, 2010, he had no future appointments with that physician. (Doc. 101 at ¶¶ 5, 16.)

4

requested." D. Kan. Rule 83.5.5(a)(2). The rule also requires that withdrawing counsel provide the court with "a current mailing address and telephone number for the client." D. Kan. Rule 83.5.5(a)(1)(C).

After reviewing the affidavit of Ms. Courtney, the Court finds that Plaintiff has received actual notice of counsel's motion to withdraw and that he has made no objection to that motion. The Court holds that this actual notice is sufficient to meet the rule's requirement of "personal service" and therefore the motion to withdraw (Doc. 87) should be granted. The Court also holds that the mailing address provided by Plaintiff to withdrawing counsel (6590 Long Beach Blvd., Long Beach CA 90807) is the best information that can be provided by withdrawing counsel and the Clerk will enter that address on the docket for this case as Plaintiff proceeds *pro se*. <u>The withdrawal by Plaintiff's current counsel shall not be effective, however, until withdrawing counsel file a certificate of service showing service of this Memorandum and Order and Order to Show Cause Why the Present Case Should Not Be Dismissed on Plaintiff by regular mail and by certified mail, return receipt requested, deliver to addressee only.</u>

**IT IS THEREFORE ORDERED** that Defendants' Motion for Medical and Neuropsychological Examinations (Doc No's 97, 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion of Plaintiffs current counsel

of record to withdraw as counsel (Doc. 87) is **GRANTED**, effective after counsel files the certificate of service as required in this Order;

**IT IS FURTHER ORDERED** that Plaintiff **SHOW CAUSE** in writing, filed with the Clerk of the Court, by **March 19, 2010**, explaining why this case should not be dismissed for lack of prosecution. If Plaintiff fails to file the required response to this Order to Show Cause by the deadline set in this Order, the undersigned magistrate judge will recommend that the trial judge dismiss this case, without prejudice, for lack of prosecution and without any further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 23rd day of February, 2010.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge