# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID JONES,                )
                                      )
          Plaintiff,     )
                                        )
v.                                 )     Case No. 08-1185-MLB-DWB
                                        )
GREYHOUND LINES, INC.,   )
and RONALD BREEDLOVE,  )
                                        )
         Defendants. )
_____ )

## MEMORANDUM AND ORDER

The following motions are pending before the Court:

      1.     Plaintiff's Motion for Protective Order to Continue Deposition.  (Doc. 104.)

      2.     Plaintiff's Motion for Protective Order to Continue Deposition (Doc. 105); and Defendants' Response and Objection.  (Doc. 106.)

      3.     Plaintiff's Motion for Protective Order to Continue Deposition.  (Doc. 107.)

## BACKGROUND

The Court has summarized the nature of this case and the claims of the

parties in its numerous prior Orders of June 12, 2009 (Doc. 31), June 30, 2009

(Doc. 41), July 22, 2009 (Doc. 58), November 13, 2009 (Doc. 92), November 17,

2009 (Doc. 95), and February 23, 2010 (Doc. 102), which are incorporated herein

by reference.  Suffice it to say, this case has been rife with discovery and

scheduling disputes and extensive delays by the Plaintiff due to claimed physical

disability issues and to the withdrawal of his prior counsel of record.

When the Court allowed Plaintiff's prior counsel to withdraw, it required

Plaintiff to

> **SHOW CAUSE** in writing, filed with the Clerk of the
> Court, by **March 19, 2010**, explaining why this case
> should not be dismissed for lack of prosecution.  If
> Plaintiff fails to file the required response to this Order to
> Show Cause by the deadline set in this Order, the
> undersigned magistrate judge will recommend that the
> trial judge dismiss this case, without prejudice, for lack
> of prosecution and without any further notice to Plaintiff.

(Doc. 102 at 6.)[1]  Rather than submitting documents to the Clerk of the Court for

filing, Plaintiff then began sending letters to the Court by fax transmission.  In each

instance, the Court has directed the Clerk to file these letters so that CMECF

notices to Defendants' counsel could be sent.  The first letter, filed March 16, 2010

(Doc. 104), responded to the Court's requirement to show cause why the case

---

[1]  In its Memorandum and Order, the Court held that the mailing address provided
by Plaintiff to withdrawing counsel (6590 Long Beach Blvd., Long Beach CA 90807) is
the best information that can be provided by withdrawing counsel and the Clerk will enter
that address on the docket for this case as Plaintiff proceeds *pro se*.  It appears that
communications from the Court directed to that address have been received by Plaintiff.
A copy of this Memorandum and Order is being mailed to Plaintiff at that address.

should not be dismissed.[2]  Plaintiff stated that he was seeking counsel, asked for

his deposition to be delayed until he could locate and retain counsel, but stated that

he would attend the two Rule 35 examinations that were required by the Court in

its Memorandum and Order of February 23, 2010.

Plaintiff's next letter was received and filed on April 29, 2010.[3]  (Doc. 105.)

That letter was addressed to Defendants' counsel, Paul Hasty, referred to Hasty's

request for a deposition, and again asked to delay the deposition until Plaintiff

could obtain counsel.  Again this was docketed as a motion for a protective order.

(Doc. 105.)  This time, Defendants filed a response to the motion and an objection

to further delay in scheduling the deposition.  (Doc. 106.)  Defendants attached to

the response as Exhibit "B" a copy of a Second Amended Notice to Take

Videotaped Deposition of Plaintiff on May 4, 2010 at 9:00 a.m. in the offices of

Defendants' counsel in Overland Park, Kansas.  (Doc. 106-2.)[4]  Defendants recite

---

[2]  This fax transmission shows that it was sent from "Randall J. Price Atty." with a fax number of "316 269 3397."  (Doc. 104.)  Mr. Price is a member of the bar of the U.S. District Court for the District of Kansas with offices in Wichita, Kansas, and his registration with the Court shows that his fax number is 316-269-3397.

[3]  All of Plaintiff's subsequent fax communications were sent from an entity described as "Neil's Stationers" with a number of "5629238708."  (Doc. 105, 107.) However, one of those transmissions bears a duplicate fax notation also showing transmission by a "Abdul Majid Hasan" with a fax number of 9736439053."  (Doc. 105.)

[4]  This deposition notice was not filed with the Clerk and the Court was unaware of any specific schedule for Plaintiff's deposition.

that the deposition has been scheduled numerous times and that it has been six months since Plaintiff's former counsel filed their motion to withdraw. Defendants request the court to deny Plaintiff's request for further delay of his deposition.

Apparently this objection triggered another letter to the Court from Plaintiff received on May 5, 2010, and filed on May 6, 2010. (Doc. 107.) Again, Plaintiff recites that he is having a difficult time finding counsel and again seeks to delay his deposition.

**DISCUSSION**

The Court is prepared to rule on all of the motions for protective order even though Defendants have not yet had time to respond to the most recent motion since the Court assumes that their position will be substantially the same as stated in the prior objection. For the reasons set out below, the Court will grant the motions and delay the scheduling of Plaintiff's deposition **one final time**, but will not entertain any further requests for extensions.

This case was filed in June 2008, and discovery has been delayed due to Plaintiff's allegations (through his prior counsel) that he was physically unable to travel to Kansas for his deposition and medical examinations under Rule 35. The Court accommodated these requests, but further delays were involved when Plaintiff refused to cooperate with his prior counsel in allowing their withdrawal.

4

Counsel were unable to locate Plaintiff for purposes of serving their notice of withdrawal even though it was clear from telephone calls from Plaintiff to counsel that he was well aware of their desire to withdraw as counsel and his need to find other counsel. *See e.g.*, Affidavit of Debra Courtney filed February 19, 2010. (Doc. 101.) It is clear from the above-referenced affidavit that Plaintiff was contacting Kansas attorneys in January 2010. *See* Doc. 101 at 3, ¶¶ 11-15.[5] To Plaintiff's credit, he did finally appear in the week of April 12, 2010, for his scheduled examinations pursuant to Rule 35 in the Kansas City area. (Doc. 106 at 1, ¶ 2.)

The Court is not unsympathetic with Plaintiff's dilemma of having to locate a Kansas attorney when Plaintiff resides in California. However, this case cannot simply languish until Plaintiff has located a counsel willing to take his case. Accordingly, the Court grants Plaintiff's motions for protective orders and holds that Defendants may not schedule Plaintiff's deposition to take place in Kansas prior to **June 21, 2010.** As a result of this Order, Plaintiff will have had more than eight months since the motion to withdraw was filed on October 23, 2009 to obtain counsel. The Court, however, will not entertain any further motions or letters from

---

[5] Likewise, it is obvious that Plaintiff has been in contact with other attorneys since that time as evidence by the fact that one of his communications with the Court was via fax transmission sent from the fax number of a Kansas attorney. *See supra* n. 2.

Plaintiff seeking to delay his deposition beyond this time set by the Court.

Furthermore, in his search for counsel, Plaintiff is to advise any prospective

counsel of the contents of this Memorandum and Order and to tell them that the

Court will not entertain further delays of Plaintiff's deposition regardless of when a

counsel may enter an appearance in this case.

Plaintiff is further advised that if he fails to attend his deposition that is

properly noticed pursuant to the provisions of Fed. R. Civ. P. 30(b), and which is

scheduled to take place in Kansas after June 21, 2010, his failure to attend may

result in the imposition of sanctions including, but not limited to the dismissal of

his case.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 6th day of May, 2010.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge