# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID JONES, )
)
              Plaintiff, )
)
v. )   Case No. 08-1185-MLB-DWB
)
GREYHOUND LINES, INC., )
and RONALD BREEDLOVE, )
)
             Defendants. )
_____ )

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff's Motion for Protective Order. (Doc. 87) (Sealed).[1]

## BACKGROUND

The Court has summarized the nature of this case and the claims of the parties in its prior Orders of June 12, 2009 (Doc. 31), June 30, 2009 (Doc. 41), July 22, 2009 (Doc. 58), November 13, 2009 (Doc. 92), November 17, 2009 (Doc. 95), February 23, 2010 (Doc. 102) and May 6, 2010 (Doc. 108), which are incorporated herein by reference.

In the February 23, 2010 Memorandum and Order, the Court directed Plaintiff to show cause by March 19, 2010 why the case should not be dismissed

---

[1] The Court directed that this "motion" be sealed since it contained medical information concerning Plaintiff.

for lack of prosecution. (Doc. 102, at 6.) Thereafter, on March 16, 2010, Plaintiff sent a letter to the undersigned magistrate judge stating that he was actively seeking counsel to represent him, that he intended to appear in Kansas City for the medical examinations requested by Defendant and ordered by the Court, but he sought to delay his noticed deposition until he obtained new counsel. (Doc. 104.) The Court directed that this letter be filed as a motion for a protective order.

Thereafter, on April 29, 2010, the Court received a copy of a letter from Plaintiff to Defendant's counsel, again asking for a delay in his deposition until he could obtain counsel. (Doc. 105.) Again, the Court directed that this correspondence be filed as a motion for a protective order. On May 3, 2010, Defendant responded and objected to any further delay in the taking of Plaintiff's deposition, noting that Plaintiff's prior counsel had moved to withdraw six months earlier and that Plaintiff had been given sufficient time to locate new counsel. (Doc. 106.)

On May 6, 2010, the Court received another letter from Plaintiff again requesting a delay in the taking of his deposition and stating that he was actively seeking counsel. (Doc. 107.) Again, the Court directed that this correspondence be filed as a motion for a protective order. On the same day, the Court entered its Memorandum and Order which stated as follows:

> Accordingly, the Court grants Plaintiff's motions for protective orders and holds that Defendants may not schedule Plaintiff's deposition to take place in Kansas prior to **June 21, 2010.** As a result of this Order, Plaintiff will have had more than eight months since the motion to withdraw was filed on October 23, 2009 to obtain counsel. <u>The Court, however, will not entertain any further motions or letters from Plaintiff seeking to delay his deposition beyond this time set by the Court.</u> Furthermore, in his search for counsel, Plaintiff is to advise any prospective counsel of the contents of this Memorandum and Order and to tell them that the Court will not entertain further delays of Plaintiff's deposition regardless of when a counsel may enter an appearance in this case.
>
> Plaintiff is further advised that if he fails to attend his deposition that is properly noticed pursuant to the provisions of Fed. R. Civ. P. 30(b), and which is scheduled to take place in Kansas after June 21, 2010, his failure to attend may result in the imposition of sanctions including, but not limited to the dismissal of his case.

(Doc. 108, at 5-6.) Thereafter, on May 11, 2010, Defendant filed a Third Amended Notice to Take Vidotaped Deposition of Plaintiff in Kansas City on June 24, 2010 at 9:00 a.m. and served a copy on Plaintiff. (Doc. 109.)

On the morning of June 24, 2010, when the Court arrived in chambers, there was a fax transmission from Plaintiff which was apparently sent from California on June 23, 2010 at 15:12 (or 3:12 p.m.). (Doc. 110) (Sealed). Again, the Court directed that this document be filed as a motion for a protective order. The entire document consists of a fax cover sheet addressed to the undersigned magistrate

3

judge and a second page which is on the letterhead or note pad of Sherie Carnegie, D.O., in Downey, California. The note states that Plaintiff cannot travel because he is wheelchair bound, cannot sit or lay for long periods of time, and is "unable to travel to Kansas City because of pain due to the [black-out "error"] injuries he sustained to his back and ribs." It is unclear from the note what injuries are being discussed -- injuries claimed by Plaintiff as a result of the accident which is the basis of his Complaint in this case which occurred on September 4, 2007 (Doc. 1 at ¶¶ 14-18), or injuries which occurred at some later date.

The Court notes that Plaintiff has previously claimed inability to travel due to injuries from a fall in September 2009 when he was also being treated by Dr. Carnegie. (Doc. 74 at 2-3.) That injury occurred less than a week before Plaintiff was to appear in Kansas City for Rule 35 examinations. As a result, by Memorandum and Order of November 13, 2009, the Court vacated the pending deadlines, including the time for the Rule 35 examinations in Kansas City. (Doc. 92.) Then, like now, the injuries of which Plaintiff complains allegedly occurred right before he was required to come to Kansas City. The Court notes that earlier this year Plaintiff did come to Kansas City for two Rule 35 examinations, but he has continuously sought to delay his deposition until he obtains new counsel.

The Court is skeptical of Plaintiff's claims of inability to travel raised one

day before his scheduled deposition when Plaintiff's ongoing reasons for delaying the deposition have always been his need to obtain counsel. Obviously, Plaintiff has not obtained counsel to enter an appearance in this case, and this leads the Court to believe that the current, somewhat vague, claim of injury is simply Plaintiff's attempt to once again avoid the taking of his deposition. Under the circumstances, particularly the Court's clear admonition in the May 6, 2010 Memorandum and Order (Doc. 108) that the Court would not entertain any further motions, letters or requests to delay the taking of Plaintiff's deposition beyond the time set in that Order, the Court finds that Plaintiff's "Motion" for a protective order (Doc. 110), should be and is hereby DENIED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 24th day of June, 2010.

      s/ DONALD W. BOSTWICK
      DONALD W. BOSTWICK
      United States Magistrate Judge