**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|                                      |   |                         |
|--------------------------------------|---|-------------------------|
| DAVID JONES,                         ) |   |                         |
|                                      ) |   |                         |
| Plaintiff,                           ) | **CIVIL ACTION**        |
|                                      ) |   |                         |
| v.                                   ) | No. 08-1185-MLB         |
|                                      ) |   |                         |
| GREYHOUND LINES, INC., et al.,       ) |   |                         |
|                                      ) |   |                         |
| Defendants.                          ) |   |                         |

**MEMORANDUM AND ORDER**

This case comes before the court on both defendants' motion to dismiss with prejudice (Doc. 113) and plaintiff's motion to dismiss without prejudice (Doc. 114). The motions have been briefed and are ripe for decision.

**I.   Facts and Procedural History**

On September 4, 2007, plaintiff was traveling on a Greyhound bus in Kansas. The bus began having problems with the air conditioner. There were several repairs attempted but they were not successful. Defendant Breedlove, the driver of the bus, decided to open the emergency hatches on the bus in order to provide for ventilation. Plaintiff became uncomfortable with the emergency hatches open and reported this to Breedlove. Breedlove did not close the hatches and instead told plaintiff to return to his seat. Plaintiff decided to close the hatch closest to his seat while the bus was driving. Plaintiff climbed up on his seat and attempted to close the hatch. Plaintiff suffered serious injuries during the attempt to close the hatch. Plaintiff brought this action against defendants on June 24, 2008.

Until February 2010, plaintiff was represented by counsel. Due to disagreements between plaintiff and counsel, the court allowed counsel to withdraw. At the time of counsel's withdrawal, this case was in discovery. Defendants had been repeatedly seeking examinations of plaintiff pursuant to Fed. R. Civ. P. 35. Plaintiff continually sought protective orders to excuse his attendance at the exams because they were scheduled in Kansas and plaintiff resides in California. On February 23, 2010, Magistrate Judge Donald Bostwick ordered plaintiff to show cause why his case should not be dismissed for lack of prosecution. (Doc. 102). In response, plaintiff stated that he was searching for replacement counsel and that it was difficult to travel due to his health. The court ordered plaintiff to be present in Kansas for the examinations and his deposition.

In April 2010, plaintiff did appear in Kansas for his mental health evaluations. Plaintiff, however, refused to come to his deposition scheduled on April 15 because he was not represented by counsel. Plaintiff again moved for a protective order to seek a delay in taking his deposition. On May 6, 2010, the court granted plaintiff's motion in part. (Doc. 108). The court stated that plaintiff's deposition could not be taken prior to June 21 and that plaintiff would be subject to sanctions, including dismissal, if plaintiff did not attend his deposition. The court also specifically instructed that it would not entertain any further motions to delay plaintiff's deposition.

Defendants served a notice to take plaintiff's deposition on June 24. On June 24, plaintiff faxed a letter from his physician which stated that he could not travel to Kansas City due to his

medical issues. (Doc. 110). The court construed this as a motion for a protective order and it was immediately denied. (Doc. 111). Plaintiff did not appear for his deposition in Kansas City. Defendants moved for dismissal with prejudice on July 19. (Doc. 113). Instead of responding to defendants' motion, plaintiff moved for dismissal without prejudice. (Doc. 114). Defendants have additionally filed a motion for summary judgment. (Doc. 118). Plaintiff has failed to file a timely response to defendants' motion.

**II. Analysis**

Rule 37(d)(1)(A)(i) authorizes a district court to impose sanctions if a party fails to appear for his deposition after being served with proper notice. Sanctions for failure to appear "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," Fed. R. Civ. P. 37(d)(3), which includes dismissing the action in whole, Rule 37(b)(2)(A)(v).

The factors a court must consider before dismissal include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . .; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . .; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(internal citations omitted). Dismissal with prejudice is an extreme sanction and appropriate only in cases of willful misconduct. Id. at 920. "Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly

-3-

lose its right of access to the courts because of a technical violation." Id. at n. 3.

The factors in this case clearly weigh in favor of defendants. Defendants have expended significant costs in litigating this case. They have taken several depositions, had plaintiff evaluated on two occasions and prepared numerous pretrial motions. Moreover, plaintiff has repeatedly delayed his deposition to the detriment of defendants. After a review of the record, it is clear that plaintiff has been the cause of all of the scheduling issues. Plaintiff's own counsel had significant difficulties locating and contacting plaintiff. Plaintiff was also warned that if he failed to attend his deposition in June that he would be subject to the sanction of dismissal in this case. The court did not, however, specify whether the dismissal was to be with or without prejudice. Based on plaintiff's previous violation of the magistrate's order, the court does not believe that lesser sanctions would be appropriate. Clearly, plaintiff desires the dismissal of his case but merely requests that it be without prejudice.

The court is reluctant to dismiss this case with prejudice due to plaintiff's pro se status and the fact that the previous warning by the magistrate did not specify that the case would be dismissed with prejudice. Defendants assert that a dismissal without prejudice is appropriate if the court enters certain conditions. The court agrees, very reluctantly.

**III. Conclusion**

Therefore, defendants' motion to dismiss with prejudice is denied (Doc. 113) and plaintiff's motion to dismiss without prejudice is

granted (Doc. 114) on the following conditions:

 1) If plaintiff elects to refile his case, he must fully reimburse defendants their costs and expenses in this action contemporaneous with the filing. Failure to do so will result in dismissal of the refiled case, with prejudice. Defendants shall provide plaintiff a list of their costs and expenses within 30 days of this order;

 2) Any refiled case must be filed in this court and assigned to the undersigned judge;

 3) All claims made by plaintiff must be identical to those in this case. No new or amended claims may be made except upon motion and approval of this court;

 4) Plaintiff must respond to defendants' motion for summary judgment (Doc. 119). The response must be fully compliant with the Federal Rules of Civil Procedure and the rules of this court. A non-compliant response will be stricken and defendants' motion will be considered as uncontested;

 5) All discovery developed in this case may be used in any refiled filed case as if undertaken in that case;

 6) Plaintiff must utilize the same experts previously disclosed in this case unless he provides an adequate and compelling reason to the court as to why the previously disclosed experts are unavailable; and

 7) Hand-scrawled notes from supposed physicians such as the one previously submitted will not be accepted. Any communication from any medical practitioner must be made under penalty of perjury in the form required by 28 U.S.C. § 1746 and must be supported with appropriate

medical records; and

8) At the time plaintiff refiles a case in this court he must provide at least three dates more than 60 days after the filing of the complaint and less than 90 days after filing of the complaint within which plaintiff will appear, in the state of Kansas, for his deposition. Failure to appear will result in dismissal of plaintiff's case, <u>with</u> <u>prejudice</u>.

IT IS SO ORDERED.

Dated this 14th day of September 2010, at Wichita, Kansas.

                                             S/ Monti L. Belot
                                             Monti L. Belot
                                             UNITED STATES DISTRICT JUDGE